IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ENRIQUE SANTANA VILLASENOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:23-cv-1179-DWD |
| ) | |
| D. SPROUL, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioner is an inmate at USP Marion. Before the Court are his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") (Doc. 1), Motion for the Appointment of Counsel (Doc. 4), and Motion for an Evidentiary Hearing (Doc. 5).

On May 13, 2004, Petitioner was sentenced in the United States District Court for the Northern District of Georgia. (Doc. 1, pg. 1). Petitioner filed a direct appeal of that sentence to the Eleventh Circuit, which was dismissed. (Doc. 1, pg. 1). Petitioner also filed a motion under 28 U.S.C. § 2255, which was dismissed as untimely. (Doc. 1, pg. 4).

In the Petition, Petitioner first argues his sentence was improperly enhanced, without proper notice, under 21 U.S.C. § 851. (Doc. 1, pg. 6). Petitioner also argues he received ineffective assistance of counsel due to the failure to timely challenge that improper enhancement. (Doc. 1, pg. 6). Second, Petitioner argues he is entitled to a resentencing due to the expungement, under the penal code of California, of his prior criminal convictions. (Doc. 1, pg. 7). Petitioner states, "[a]ll convictions under California

Penal Code § 1203.4 were dismissed in the Superior Court of California, County of Las [*sic*] Angeles on June 12, 2017." (Doc. 1, pg. 7). Since those convictions were used in his federal criminal case, Petitioner argues he must be resentenced, "as it prejudices him to [serve] more time for an offense that has been completely expunged." (Doc. 1, pg. 7). In making these arguments, Petitioner addresses the savings clause contained in § 2255(e) and the way it renders the Petition under § 2241 proper. (Doc. 1, pgs. 32-36). Ultimately, Petitioner argues a recalculated sentence will result in his release. (Doc. 1, pg. 8).

Now, the Court is prepared to conduct a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[1] Here, given the limited record available, it does not "plainly appear[]" Petitioner is entitled to no habeas relief. Accordingly, without commenting on the merits, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent is **ORDERED** to file an answer or other pleading on or before **Thursday, July 20, 2023**. Petitioner shall then have until **Monday, August 21, 2023**, to file a Reply. This Memorandum & Order does not preclude Respondent from raising any objection or defense to the Petition. Service on the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, although the Petition is filed under § 2241, those rules apply. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

2

service. Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of the Court and opposing counsel apprised of changes in his whereabouts. He shall notify the Clerk of the Court and opposing counsel of any transfer or a change of address, in writing, within 7 days. The failure to do so may result in a dismissal. *See* Fed. R. Civ. P. 41(b).

Next, the Court addresses the Motions for the Appointment of Counsel (Doc. 4) and Evidentiary Hearing (Doc. 5). The Court notes there is no constitutional right to counsel on collateral review, *i.e.*, on review of the Petition under § 2241. *See Lavin v. Rednour*, 641 F.3d 830, 833 (7th Cir. 2011) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)); *accord Socha v. Boughton*, 763 F.3d 674, 685 (7th Cir. 2014). Instead, under Rules 6(a) and 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must appoint counsel for a petitioner, who otherwise qualifies for counsel under 18 U.S.C. § 3006A, if counsel is necessary for effective discovery or for an evidentiary hearing. At this stage in the case, which is after a preliminary review but before full briefing, neither an evidentiary hearing nor discovery is presently warranted, as the Court has not yet "review[ed] the answer, any transcripts and records of…proceedings, and any materials submitted under Rule 7." *See* Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. For these same reasons, and because Petitioner has not applied to proceed *in forma pauperis*, the Court otherwise declines to exercise its discretion to appoint counsel under § 3006A(B)(2). *See* 18 U.S.C. § 3006A(2)(B) ("Whenever…the court determines that the interests of justice so require, representation may be provided for any financially eligible person who…is seeking relief under section

2241."); *see also Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (discussing the factors considered by the Court when ruling on a request to appoint counsel).

For these reasons, the Motions for the Appointment of Counsel and Evidentiary Hearing are **DENIED without prejudice**.

**SO ORDERED.**

Dated: June 20, 2023

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge

4